## UPCHURCH *v.* BUNN *et al.*

1. Where a verbal agreement is made by A to sell to B the turpentine privilege to land, but no title is conveyed or possession delivered, and subsequently, with the full knowledge and consent of both parties, such privilege is sold and written conveyance executed by A to C at an advanced price over that agreed upon between A and B, and part of the purchase-money paid, whatever may be the rights of B against A for the violation of their agreement, C can not defeat A's right to recover the unpaid balance of the purchase-money by setting up the verbal agreement between A and B.
2. On all the issues raised by both the special plea and the plea to the merits, the evidence fully sustained the verdict.

Submitted January 13, — Decided February 7, 1903.

Equitable petition. Before Judge Bennet. Ware superior court. June 23, 1902.

*S. W. Hitch* and *L. A. Wilson*, for plaintiff in error.
*Toomer & Reynolds*, contra.

CANDLER, J. Stripped of unnecessary details, the case presented by the record is substantially as follows: J. R. & T. Bunn, a partnership, owned certain land in Ware county, the turpentine

privilege of which they verbally agreed to sell to Deen & Driver for $800. No conveyance was ever made to Deen & Driver, nor was the agreement to convey ever reduced to writing. Subsequently to the verbal agreement referred to, the Bunns, with the knowledge and consent of Deen & Driver, bargained with Upchurch for the sale of the turpentine privilege in the same land, and leases thereto were executed by them, in accordance with Upchurch's instructions, to the J. P. Williams Company, of Savannah. The price agreed upon between the Bunns and Upchurch was $1,250, $50 of which was paid in spirits of turpentine, and a draft for the balance of $1,200 was given the Bunns, drawn on the Williams Company in their favor. This draft was signed, "J. R. Upchurch, per C. M. Upchurch," C. M. Upchurch being one of the defendants in the present case, and a brother of J. R. Upchurch. Of this amount $750 was paid by the Williams Company, and for the balance of $450 the present suit was brought against C. M. Upchurch and the Williams Company by the Bunns. The petition contained an alternative prayer for cancellation of the leases, the $800 already paid thereon being tendered to the defendants. There was also a prayer for an injunction to restrain the defendants from cutting, boxing, or using for turpentine purposes the timber on the land, and for a judgment for attorneys' fees. Upchurch filed a special plea setting up that he was improperly joined as a party defendant, in that he had no interest in the subject-matter of the controversy, and averring that all that he did in the transaction out of which the suit arose was done as the agent of his brother, J. R. Upchurch, and that his agency was known by the plaintiffs at the time. He also filed an answer, which was very voluminous and loaded down with unnecessary and irresponsive averments, but which, when analyzed, was in effect a plea of partial failure of consideration, setting up that the plaintiffs had agreed that certain personal property should go with the turpentine privilege, and that he had never received this personalty. At the conclusion of the evidence for the plaintiffs, the defendants made a motion for a nonsuit, on the ground that the evidence showed that if there was any cause of action at all it was in favor of Deen & Driver, and not the plaintiffs. This motion the court overruled. The jury returned a verdict against C. M. Upchurch for $450, besides interest. He made a motion for a new trial, which was overruled, and to this, as well as the refusal to grant a nonsuit, he excepted.

1. There can be no doubt that the evidence offered in behalf of the plaintiffs fully made out a case for recovery by them against Upchurch. He has nothing to do with any equities that may exist as between the Bunns and Deen & Driver. Whatever benefits he derived from the trade came from the plaintiffs ; his obligation is to them ; they alone had the right to convey the turpentine privilege to him, and to them alone is he liable for the purchase-price. Especially is this true in view of the fact that Deen & Driver were fully cognizant of the trade between the Bunns and Upchurch, and openly assented to it. Deen & Driver could in no event have any right of action against Upchurch. What their rights may be against the Bunns it is not necessary for us to decide, and, as before stated, that is a matter with which the defendant Upchurch has no concern.

2. The issues raised by the special plea, as well as by the plea to the merits, were fairly submitted to the jury, who decided them adversely to the contentions of the plaintiff in error. There was abundant evidence to support that finding. The charge of the court of which complaint was made was not erroneous, and no reason appears for setting aside the judgment denying a new trial.

*Judgment affirmed. By five Justices.*